# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHERYL SORENSON,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. C07-3053-MWB<br><br>**ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

## *I. INTRODUCTION*

Plaintiff Cheryl Sorenson filed an application for disability insurance (DI) benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, on March 17, 2004. The Commissioner ultimately denied her application on August 1, 2007, after the Appeals Council denied Sorenson's request for review. Sorenson appealed the Commissioner's decision to this court, Dkt. # 1, and the undersigned referred the matter to Chief Magistrate Judge Paul A. Zoss for a report and recommendation. Judge Zoss respectfully recommended the Commissioner's decision be reversed and the case be remanded for the calculation and immediate award of benefits. Dkt. # 10. Neither party filed objections to Judge Zoss's report and recommendation.

## *II. ANALYSIS*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

> court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court reviews the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to

Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). There is ample evidence demonstrating Sorenson's limitations, as set forth in Judge Zoss's report and recommendation. The court agrees with Judge Zoss that the ALJ improperly discounted Sorenson's subjective complaints, particularly because her GAF scores are consistent with other medical evidence and Sorenson's subjective complaints. In addition, the ALJ relied on state agency medical consultants who did not examine Sorenson, and their opinions differed from Sorenson's treating medical sources. On this record, there is overwhelming support for a finding of disability. Therefore, the court accepts Judge Zoss's report and recommendation, and reverses the Commissioner's decision and remands this case for the immediate calculation and award of benefits under sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

**DATED** this 28th day of April, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA